**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-61428-CV-SMITH**
**MAGISTRATE JUDGE REID**

JESSIE JACKSON,

        Petitioner,

v.

SEC'Y, FLA. DEP'T OF CORR.,

        Respondent.

## REPORT OF MAGISTRATE JUDGE

Petitioner has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. His petition attacks the constitutionality of his judgment of conviction in Case No. 09-593CF10A, Seventeenth Judicial Circuit of Florida, Broward County.

This case has been referred to the undersigned for consideration and report. The undersigned has reviewed the entire record, including the operative § 2254 petition. [ECF No. 1]. As discussed below, the petition should be DENIED.

### I.      Background

A.    <u>State Court Proceedings</u>

Petitioner Jessie Jackson was convicted of sexual battery upon a child less than twelve years of age, in violation of Fla. Stat. § 794.011(2)(A), a felony punishable by life in prison. [ECF No. 10-1 at 10].[1] The jury convicted him of this offense and specifically found that his penis penetrated the child's anus. [*Id.* at 13]. The trial court sentenced Petitioner to life in prison. [*Id.* at

---

[1] All page citations for docket entries refer to the page-stamp number at the top, right-hand corner of the page.

1

18]. The Fourth District Court of Appeals ("Fourth District") affirmed his conviction and sentence in a reasoned decision. [*Id.* at 81].

Petitioner filed a motion for postconviction relief under Fla. R. Crim. P. 3.850. [*Id.* at 93]. After holding an evidentiary hearing, [ECF Nos. 11-9, 11-10], the trial court denied the motion in a reasoned decision. [ECF No. 10-4 at 144]. The Fourth District affirmed without comment. [*Id.* at 199].

B.    This § 2254 Case

On or around May 24, 2019, Petitioner filed his § 2254 petition, [ECF No. 1], whose timeliness the state concedes. [ECF No. 9 at 3-6]. The state filed a response and supporting documentation. [ECF Nos. 9, 10, 11]. Petitioner filed a reply. [ECF No. 13].

## II.    Legal Standard Under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under § 2254(d)(1)'s "contrary to" clause, courts may grant the writ if the state court: (1) reaches a conclusion on a question of law opposite to that reached by the Supreme Court; or (2) decides a case differently than the Supreme Court has on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under its "unreasonable application" clause,

courts may grant the writ even if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the case. *Id.* at 413. "[C]learly established Federal law" consists of Supreme Court "precedents as of the time the state court renders its decision." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (citation and emphasis omitted).

An unreasonable application of federal law differs from an incorrect application of federal law. *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation omitted). Under this standard, "a state prisoner must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Courts "apply this same standard when evaluating the reasonableness of a state court's decision under § 2254(d)(2)." *Landers v. Warden*, 776 F.3d 1288, 1294 (11th Cir. 2015). That is, "[a] state court's . . . determination of facts is unreasonable only if no 'fairminded jurist' could agree with the state court's determination." *Id.* (citation omitted).

Under § 2254(d), "when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion[,]" "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

But where the decision of the last state court to decide a prisoner's federal claim contains no reasoning, federal courts must "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Id.* "It should then presume that the unexplained decision adopted the same reasoning." *Id.*

### III.   Ineffective Assistance of Counsel Principles

To establish a claim of ineffective assistance of counsel, Petitioner must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To prove deficiency, he must show that his attorney's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

To prove prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

It is "all the more difficult" to prevail on a *Strickland* claim under § 2254(d). *Richter*, 562 U.S. at 105. As the standards that *Strickland* and § 2254(d) create are both "highly deferential," review is "doubly" so when the two apply in tandem. *Id.* (citation omitted). Thus, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable." *Id.* Rather, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Petitioner has the burden of proof on his ineffectiveness claim, *Holsey v. Warden*, 694 F.3d 1230, 1256 (11th Cir. 2012), as well as the burden of proof under § 2254(d), *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. Discussion

A. <u>Claim One</u>

4

Petitioner contends that "the trial court abused its discretion when it proceeded [to] trial before [he] was adjudicated competent to proceed." [ECF No. 1 at 4]. In support, he contends that: (1) he received the competency evaluation after the state's main witness had testified; (2) only one expert evaluated his competency when state law required at least two experts to evaluate him; and (3) the expert's evaluation lasted only one hour and fifteen minutes "due to time constraints placed on her by the court and was conducted on an ad hock (sic), rushed basis in the middle of trial during a lunch break." [*Id.*]

Based on the same allegations, Petitioner also appears to contend that his conviction violated due process because he received an inadequate competency evaluation. *See* [*id.*]  He appears to contend that his mental condition was such that he lacked the capacity to understand the nature and object of the proceedings against him, consult with counsel, and assist in preparing his defense. *See* [*id.*] However, he does not allege what mental/intellectual conditions he was experiencing or explain their effect on his trial. *See* [*id.*]

The state argues that this claim is unexhausted because Petitioner did not raise it as a federal issue in state court. Further, the state argues that the claim lacks merit because it presents a procedural state-law issue and does not implicate a federal constitutional right. *See* [ECF No. 9 at 11-14]. Although Petitioner conceded in his reply, that the Respondent is correct on this ground, [ECF No. 13 at 2], a review of the record shows otherwise. Petitioner raised this claim on direct appeal. [ECF No. 10-1 at 45-47]. Contrary to the state's contention, he adequately presented this claim on due process grounds. The claim expressly references due process and cites caselaw discussing, among other things, due process as it relates to competency. *See, e.g.*, [*id.* at 47]; *see also Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by

citing in conjunction with the claim the federal source of law on which he relies . . . .". Furthermore, contrary to the state's contention, Petitioner adequately presented this claim on due process grounds in his § 2254 petition. Accordingly, the undersigned considers this claim on the merits.

The Fourth District rejected this claim on the sole basis that Petitioner did not have a due process right to a second mental health evaluation. *See* [ECF No. 10-1 at 81 (citing *D'Oleo-Valdez v. State*, 531 So. 2d 1347, 1348 (Fla. 1988))]. The Fourth District did not consider, however, Petitioner's contention that he was incompetent to stand trial. *See* [*id.*] Thus, the Fourth District "'inadvertently overlooked' [this aspect of the due process] claim, failing to rule on the merits of it." *See Bester v. Warden*, 836 F.3d 1331, 1337 (11th Cir. 2016) (quoting *Johnson v. Williams*, 568 U.S. 289, 303 (2013)). Accordingly, the undersigned reviews the claim *de novo*. *See id.*; *Lawrence v. Sec'y, Fla. Dep't of Corr.*, 700 F.3d 464, 481 (11th Cir. 2012).

"A criminal defendant may not be tried unless he is competent . . . ." *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (citation omitted). "[T]he standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Id.* (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)); *accord Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("[A] person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial"). "In advancing his substantive competency claim, [Petitioner] is entitled to no presumption of incompetency and must demonstrate his . . . incompetency by a preponderance of the evidence." *Lawrence*, 700 F.3d at 481 (ellipsis in original) (citation omitted).

Here, Petitioner has not shown that he was incompetent. His allegations of incompetence are simply conclusory. [ECF No. 1 at 4]. The only allegation Petitioner provides to support it is that his attorney stated during trial that Petitioner had "'a real fundamental misunderstanding of everything [that was happening] in [the] courtroom.'" [*Id.* (quoting ECF No. 11-3 at 13)]. However, based on her observations of Petitioner during the trial and prior proceedings, the trial judge strongly disagreed with counsel's contention. [ECF No. 11-3 at 15-19].

Nonetheless, the trial judge ordered a competency evaluation and the psychologist found Petitioner competent, whereupon the court adjudicated him competent. [*Id.* at 19-20; ECF No. 11-4 at 3-10]. Petitioner's allegations that the evaluation was inadequate are equally conclusory. [ECF No. 1 at 4]. Moreover, counsel stated at the close of the evidence that counsel no longer had concerns about petitioner's competency and agreed with the psychologist's written report that Petitioner was competent. [ECF No. 11-6 at 64-65]; *see also Watts v. Singletary*, 87 F.3d 1282, 1288 (11th Cir. 1996) ("Because legal competency is primarily a function of [the] defendant's role in assisting counsel in conducting the defense, the defendant's attorney is in the best position to determine whether the defendant's competency is suspect.").

For these reasons, claim one lacks merit.

B.    Claim Two

Petitioner contends that counsel was ineffective because he allowed the jury to see him in shackles. [ECF No. 1 at 5-6]. As such, he alleges that his conviction was based on "official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial." [*Id.* at 6]. He also contends that counsel ineffectively failed to move for a mistrial based on the jury's viewing of him in shackles and its prejudicial effect on his trial.

The alleged factual basis of this claim is that, during trial, petitioner told counsel that the jury, particularly juror Santiago, was looking at his shackles. [*Id.*] In support, Petitioner contends that counsel moved to strike Santiago on the ground that Petitioner told counsel that Santiago was looking at Petitioner in a way that made him feel uncomfortable. [ECF No. 13 at 2]. Petitioner acknowledges, however, that counsel did *not* object to Santiago on the ground that Santiago had seen him in shackles. [*Id.*]; *see also* [ECF No. 11-2 at 181-82 (voir dire transcript)].

The trial court rejected this claim after an evidentiary hearing in which counsel and Petitioner testified. [ECF No. 10-4 at 146-48]. Pertinently, the court found that Petitioner's contention that Santiago saw him in shackles "lacked credibility and was purely self-serving." [*Id.* at 147]. Furthermore, the court found credible counsel's testimony that he did not recall Santiago giving movant "strange, prolonged looks" and that he would have moved to strike Santiago had he believed that she was looking at Petitioner "in a strange manner indicative of feelings of prejudice and/or guilt." [*Id.* at 145-47].

"In the absence of clear and convincing evidence, [courts] have no power on federal habeas review to revisit the state court's credibility determinations." *Bishop v. Warden*, 726 F.3d 1243, 1259 (11th Cir. 2013) (citing, *inter alia*, *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)).

Here, Petitioner has not identified any evidence in the record, much less clear and convincing evidence, showing that the trial court's credibility determinations were incorrect. His conclusory allegations do not support an inference that the jury saw him in shackles or based its verdict on official suspicion, indictment, continued custody, or a similar circumstance.

Accordingly, the state courts' rejection of claim two was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts.

C.   Claim Three

Claim three is related to claim one. Petitioner contends that counsel ineffectively failed to seek a continuance based on his alleged incompetence, which was caused partly by diabetic episodes. [ECF No. 1 at 7-8; ECF No. 13 at 3-5].

The trial court held that the record refuted this claim. [ECF No. 10-4 at 149]. In support, the trial court noted that the psychologist expressly found that Petitioner's diabetes had not affected his competence. [*Id.*] Further, the trial court noted that a special diet was ordered for the afternoon to ensure that Petitioner's blood sugar was within acceptable limits. [*Id.*] Additionally, the trial court found that Petitioner failed to "[bring] forth any credible evidence to rebut [the psychologist's] finding of competence." [*Id.*]

Here, the trial court reasonably concluded that the record refuted claim three. The trial transcript supports the trial court's findings. [ECF No. 11-4 at 7]. And, as noted above, Petitioner's counsel conceded that Petitioner was competent at the close of the evidence.

In sum, the state courts' rejection of claim three was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts.

## IV.   Evidentiary Hearing

"[B]efore a habeas petitioner may be entitled to a federal evidentiary hearing on a claim that has been adjudicated [on the merits] by the state court, he must demonstrate a clearly established federal-law error or an unreasonable determination of fact on the part of the state court, based solely on the state court record." *Landers*, 776 F.3d at 1295.

With respect to the first claim, the petition "does not allege enough specific facts that, if they were true, would warrant relief." *Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1319

(11th Cir. 2016) (citations omitted). Furthermore, Petitioner has not made an adequate proffer of the evidence he would introduce at an evidentiary hearing. *Id.* (citations omitted).

Claims two and three were adjudicated on the merits in state court, and Petitioner has not demonstrated error regarding these claims. Thus, an evidentiary hearing is unwarranted.

## V.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.* "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b), Rules Governing § 2254 Cases.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "a petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Here, in view of the entire record, the undersigned denies a certificate of appealability. If petitioner disagrees, he may so argue in any objections filed with the district judge. *See* Rule 11(a), Rules Governing § 2254 Cases ("Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.").

10

## VI.    Recommendations

As discussed above, it is recommended that petitioner's § 2254 petition [ECF No. 1] be DENIED.

It is further recommended that no certificate of appealability issue; that final judgment be entered; and that this case closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED this 22nd day of June, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

Jessie Jackson
L94249
Suwannee Correctional Institution
Inmate Mail/Parcels
5964 US Highway 90
Live Oak, FL 32060
PRO SE

Mitchell A. Egber
Attorney General Office
1515 N Flagler Drive
9th Floor
West Palm Beach, FL 33401-3432

11

561-837-5000
Fax: 561-837-5099
Email: mitchell_egber@myfloridalegal.com

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com