UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61428-CV-SMITH

JESSIE JACKSON,

    Petitioner,

v.

MARK S. INCH,

    Respondent.

_____/

## ORDER AFFIRMING REPORT OF MAGISTRATE JUDGE

This matter is before the Court on Magistrate Judge Lisette Reid's Report [DE 21] ("Report"), which recommends that Petitioner's federal habeas petition be denied, and final judgment be entered in favor of Respondent. Petitioner has filed Objections to the Report [DE 23] ("Objections"). After *de novo* review of the record and for the reasons discussed below, the Report is affirmed and adopted, and Petitioner's Objections are overruled.

**I.    STANDARD OF REVIEW**

To "challenge the findings and recommendations of the magistrate, a party must . . . [file] written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). "Upon receipt of objections meeting the specificity requirement set out above . . . [the district court] . . . make[s] a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate." *Id.* "The district judge reviews legal conclusions *de novo*, even in the absence of an objection." *Lacy v. Apfel*, No. 2:97-CV-153-FTM-29D, 2000 WL 33277680, at *1 (M.D. Fla. Oct.

19, 2000) (citing *Cooper–Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994)).

**II.     DISCUSSION**

Magistrate Judge Reid entered her Report [DE 21] denying Petitioner's three claims. Petitioner has objected to the Magistrate Judge's denial of each his claims.

In her Report, Magistrate Judge Reid properly identified the standard for evaluation of ineffective assistance of counsel claims. (Report at 3-4.) As noted by Magistrate Judge Reid, Petitioner must establish both deficient performance of counsel and prejudice to Petitioner. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984). If Petitioner fails to meet either prong, his claim fails. *See id*. In reviewing the state court's ruling, the federal court will only grant relief if the state court's ruling was contrary to, or an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d). In § 2254 habeas proceedings the factual findings of state courts are entitled to deference. *See* 28 U.S.C. § 2254(e)(1); *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). This court will not second guess the factual and credibility findings of the state court unless Petitioner presents clear and convincing evidence that they are incorrect. *See Miller-El v. Cockrell*, 537 U.S. 322, 340-341 (2003).

In his first claim, Petitioner argued that the trial court abused its discretion by failing to order an adequate psychological evaluation performed by two or more mental health experts. (Pet. [DE 1] at 4.) Magistrate Judge Reid found, contrary to the contentions of the state, that this claim had been exhausted. (Report at 6.) Magistrate Judge Reid then considered the merits of this claim *de novo*. In denying the claim, Magistrate Judge Reid found that Petitioner had failed to establish he was incompetent because he presented only conclusory allegations of incompetence. (*Id*. at 7.) Magistrate Judge Reid also noted that the state trial judge had found that, based on her

observations, the court strongly disagreed with counsel's contention that Petitioner was incompetent. (*Id*.) Despite the trial judge's skepticism, a competency evaluation was performed, and a psychologist found Petitioner competent. (*Id*.) Petitioner objects, arguing that Magistrate Judge Reid's rejection of this claim was based on a un unreasonable application of *Strickland*. (Objs. at 5-6.) Magistrate Judge Reid's well-reasoned report addressed the state court's denial of this claim and properly applied *Strickland* to deny the claim in this federal habeas proceeding. Plaintiff's objections to the denial of the first claim are overruled and the recommendation to deny this claim will be adopted.

In his second claim, Petitioner contended that counsel was ineffective for allowing the jury to see him in shackles. (Pet. at 5-6.) Magistrate Judge Reid denied this claim finding that the state court had properly found counsel was not ineffective because Petitioner had not established that the jury had seen him shackled. (Report at 8.) The state court made this finding after an evidentiary hearing, where the court found Petitioner's testimony that the jury saw him in shackles was not credible. (DE 10-4 at 145-48.) The court also found counsel's testimony that Petitioner never raised the issue with him to be credible. (*Id.*) Petitioner objects that Magistrate Judge Reid's application of *Strickland* was unreasonable. As discussed above, Judge Reid denied this claim after giving deference to the state court's credibility finding. Petitioner has failed to present any clear and convincing evidence that would allow this Court to second guess the state court's credibility findings. Thus, Magistrate Judge Reid's finding that the state court's denial of this claim was not contrary to or an unreasonable application of *Strickland* will be adopted.

In his third and final claim, Petitioner argued that trial counsel was ineffective for failing to seek a continuance based on Petitioner's alleged incompetence. (Pet. at 7-8.) Magistrate Judge Reid denied this claim finding that the state court had properly found the claim had been refuted by the record. (Report at 9.) This finding was correct. As noted by Magistrate Judge Reid, a

3

psychologist found Petitioner competent and that his diabetes had not affected his competence. (DE 10-4 at 149.) Further, the trial court, in an abundance of caution, had ordered that Petitioner be provided a special diet to ensure his blood sugar was within acceptable limits. (*Id.*) Petitioner has not provided clear and convincing evidence to refute the state court's reasonable finding that this claim was refuted by the record. Petitioner's objection, that Magistrate Judge Reid's application of *Strickland* was unreasonable, is overruled and Magistrate Judge Reid's recommendation to deny this claim is adopted.

### III.   CERTIFICATE OF APPEALABILITY

As amended, effective December 1, 2009, Rules Governing § 2254 Proceedings, Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* Rules Governing § 2254 Proceedings, Rule 11(b), 28 U.S.C. foll. § 2254.

After review of the record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the claims raised are clearly without merit, Petitioner cannot satisfy the *Slack* test. His objection to Magistrate Judge Reid's recommendation that no certificate issue is overruled.

Accordingly, it is

**ORDERED** that:

1) The Report [DE 21] is **AFFIRMED AND ADOPTED**:

    a. the Petition [DE 1] is **DENIED**;

    b. no certificate of appealability shall issue; and

    c. **FINAL JUDGMENT** is entered in favor of Respondent.

2) All pending motions not otherwise ruled on are **DENIED AS MOOT**.

3) This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, on this 7th day of December, 2021.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:
Jessie Jackson
L94249
Suwannee Correctional Institution
Inmate Mail/Parcels
5964 US Highway 90
Live Oak, FL 32060
PRO SE

Mitchell A. Egber
Attorney General Office
1515 N Flagler Drive
9th Floor
West Palm Beach, FL 33401-3432
561-837-5000
Fax: 561-837-5099
Email: mitchell_egber@myfloridalegal.com